# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLEAN FUNNEL, INC., a New Mexico
Corporation,

       Plaintiff,

vs.                                                             Civ. No. 99-0001 WWD/KBM ACE

FLOTOOL CORPORATION, a California
Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Case, filed December 17, 1999 **[docket # 39]**. Having considered all the pleadings, memoranda and other materials submitted by the parties, as well as the applicable law, I find that Plaintiffs' motion is well-taken and will be granted.

### Background

Both Plaintiff and Defendant ("Clean Funnel" and "Flotool," respectively) manufacture and sell funnel products. Plaintiff owns a patent, U.S. Patent 4,706,720 ("the '720 patent") which is designed with removable caps arranged to be placed over each end of the funnel to keep dirt out of the funnel container when not in use. The underlying lawsuit was brought by Clean Funnel against Flotool alleging that Flotool made and sold funnels that included a top cap and a bottom cap as claimed by the '720 patent. In addition to denying any allegations of infringement, Defendant filed a counterclaim that the '720 patent was invalid and unenforceable.

In May 1999, Defendant filed a summary judgment that Flotool's funnels did not infringe on

the '720 patent (see docket # 23). While that motion was pending before the Court, Flotool submitted a Request for Reexamination from the U.S. Patent and Trademark Office ("USPTO") and on August 31, 1999, this Court granted a stay of the proceedings in light of the Request (see docket ## 36, 37). After the USPTO granted the Request for Reexamination, Plaintiff decided to move to dismiss its lawsuit and, in light of prior art references that it became aware of during discovery, filed a dedication of the entire remaining term of the '720 patent in December 1999.

## Discussion

Plaintiff's motion to dismiss is made pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. However, Flotool objected to the motion and argues that the rule requires that the Court address its counterclaim on the issue of patent validity if the case is dismissed. In the alternative, Defendant states that it has no objection to a dismissal with prejudice providing that it is reimbursed its attorneys' fees and expenses.

*Rule 41(a)(2)*

Under Rule 41(a)(2), a court may not dismiss an action upon the plaintiff's motion against Defendant's objection unless all counterclaims filed prior to the motion can remain for "independent adjudication by the court." Dismissal is prohibited when it would destroy federal jurisdiction over a counterclaim, but is not prohibited where an independent jurisdictional basis exists for a counterclaim. The decision to grant a dismissal with or without prejudice is left to the discretion of the court.[1] See Simons v. Southwest Petro-Chem, Inc., 130 F.R.D. 134, 135 (Kan.1990); Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993) (voluntary dismissals under Rule 41(a)(2) are at the

---

[1] A Rule 41(a)(2) dismissal is presumed to be without prejudice unless explicitly found to be otherwise.

discretion of the district court).

Plaintiff concedes that jurisdiction exists for Defendant's counterclaim under 28 U.S.C. §§ 1338(a), 2201, and 2202. The issue here is whether the Court should proceed to determine the merits of the counterclaim, or whether, as Plaintiff contends, the issue of the patent's validity has been mooted by its dedication to the public. Ordinarily, the Court would hear the merits of the counterclaim.[2] See, e.g., Lackner Co. v. Quehl Sign Co., 145 F.2d 932 (6th Cir. 1944); McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339 (9th Cir.), cert. denied, 87 S.Ct. 229 (1966); see also 60 AmJur Pat § 1030 (1987). However, I find that Plaintiff's contention, which Defendant does not contradict (or even address, for that matter), is supported by the relatively sparse case law on the subject.

Dedication of a patent pursuant to 35 U.S.C. § 253 terminates all of the patentee's rights to the patent, just as if the patent had expired. It leaves a court without jurisdiction to issue a declaratory judgment of invalidity because no case or controversy exists. See, Laitram Corp. v. Deepsouth Packing Co., Inc., 279 F.Supp. 883, 891 (E.D.La. 1968) (citing Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227 (1937)); Altvater v. Freeman, 319 U.S. 359 (to hold a patent valid if it is not infringed is to decide a hypothetical case); Internat'l Video v. Ampex Corp.,

---

[2] Under the facts of this case, this Court would ordinarily have jurisdiction over the counterclaim whether it was a permissive counterclaim or a compulsory counterclaim. As a permissive counterclaim, i.e., one not arising out of the same transaction or occurrence, see Shump et al v. Balka et al., 574 F.2d 1341, 1346 (10th Cir. 1978) Defendant's counterclaim here rests on an independent jurisdictional basis. As a compulsory counterclaim, this Court would still retain jurisdiction irrespective of an independent jurisdictional basis. See Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 467 (1974); Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 146, n.3 (9th Cir. 1982); Vieser et al v. Harvey Estes Construction Co., et al., 69 F.R.D. 370, 377 (W.D.Okla. 1975).

484 F.2d 634 (9th Cir. 1973) (although dismissal of the complaint does not require dismissal of the counterclaim, counterclaim dismissed where no justiciable issue existed between the parties); W.L. Gore & Assoc. Inc. v. Oak Materials Group, Inc., 424 F.Supp. 700, 701-02 (D.Del. 1976) (where plaintiff formally disclaimed all claims of the patent, there was no longer a justiciable case or controversy before the court with respect to the validity of any of those claims); Techimark, Inc. v. Crellin, Inc et al., 14 F.Supp.2d 762, 766 (M.D.N.C. 1998) (dedication of patent to public rendered issue of validity moot); Chris-Craft Industries, Inc v. Monsanto Co., 59 F.R.D. 282, 284 (C.D.Calif., 1973) (dedication of patent moots any dispute concerning its validity or infringement and dismissal was appropriate for want of a justiciable controversy).[3]

Thus, notwithstanding Defendant's objection, dismissal of the counterclaim with this action is proper. As Plaintiff correctly points out, dismissal of the counterclaim is not premised on the dismissal of Plaintiff's claim but rather because a judgment of invalidity would be "without legal significance in this case." See, Techimark, 14 F.Supp.2d at 767. Accordingly, I dismiss with prejudice Plaintiff's claim and without prejudice Defendant's counterclaim.[4]

---

[3] I note that cases which have retained jurisdiction over a counterclaim seeking declaratory judgment of a patent's invalidity have done so only where elements of additional counterclaims in the suit were predicated on the issue of validity. See, e.g., Nat'l Semiconductor Corp. v. Linear Tech. Corp., 703 F.Supp. 845, 852 (N.D.Cal. 1988), cited in Techimark at 764.

[4] Dedication of the patent renders the patent completely ineffectual as a basis for any claim, not only from the date of the dedication but also from the time that any claims were asserted based upon the patent. See Winter v. Koratron Co., Inc. et al., 327 F.Supp. 206, 211 (N.D. Calif. 1971) (citing Laitram, 279 F.Supp. 883 (holding that question whether a dedicated patent is to be held invalid *ab initio* becomes moot after dedication); Nat'l Semiconductor (also citing Laitram); Techimark, 14 F.Supp. 2d at 767 (issue of validity in dedicated patent considered void from its inception); cmp., Simons v. Southwest Petro-Chem, Inc., 130 F.R.D. at 136 (denying defendant's request to dismiss with prejudice where the motion was brought before extensive discovery had

*Attorney Fees*

Title 35 U.S.C. § 285 provides that in "exceptional" cases a court "may award reasonable attorney fees to the prevailing party" in patent suits. Attorneys' fees are awarded to compensate the prevailing party because the losing party's misconduct was so unfair and reckless as to make it unconscionable for the prevailing party to sustain the expense of counsel. Lam, Inc. v. Johns-Manville Corp. et al., 668 F.2d 462, 476 (10th Cir. 1982).

Each party requests attorney fees on the basis that each respectively considers the other side's conduct to be egregious enough by the standards under § 285 to warrant an award of fees. Voluntary dismissal of this case does not deprive this Court of jurisdiction over attorney fees. See Gore, 424 F.Supp. at 701-02 (jurisdiction over fees exists as "terms & conditions" of Rule 41(a)(2) dismissal); The Huey Co., Inc. v. Alvin & Co, Inc. et al., 224 U.S.P.Q. 1071, 1072 (D.Conn. 1984); Chris-Craft, 59 F.R.D. at 284 (dismissal for want of justiciable controversy resulting from dedication of patent does not deprive court of jurisdiction to award attorneys' fees under § 285); Westlands Water Dist. v. U.S., 100 F.3d 94, 95 (9th Cir. 1996) (court has discretion to awards costs and fees as a condition for voluntary dismissal).

I need not find either party to be a prevailing party for purposes of attorney fees in this case,

---

taken place, where no dispositive motions had been filed and where another suit appeared imminent). Consequently, Plaintiff is effectively precluded from re-filing its claim at some future time.

On the other hand, dismissal without prejudice is appropriate with regard to the counterclaim because the basis for dismissal is a lack of subject matter jurisdiction to hear a claim that has become moot and does not present a case or controversy. See Leaf v. Supreme Ct. of Wisconsin, 979 F.2d 589, 595 (7th Cir. 1992), cert. denied, 508 U.S. 941 (1993) (dismissal for lack of subject-matter jurisdiction is not a decision on the merits and, therefore, constitutes dismissal without prejudice).

5

since an award will not be forthcoming for either Plaintiff or Defendant.[5] In addition to a lack of "exceptional" circumstances precluding an award of fees under § 285, there is no indication that such circumstances exist with regard to an award under Rule 41(a)(2). Aerotech, Inc. v. Estes, et al., 110 F.3d 1523, 1528, n.1 (10th Cir. 1997) (defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances). An award of fees under Rule 41(a)(2) is based on the rationale that defendants have been put to the expense of litigation all of which may at some future time have to be duplicated, since dismissals under Rule 41(a)(2) are generally without prejudice. See Goldlawr, Inc. v. Shubert, 32 F.R.D. 467, 472 n.5 (D.C.N.Y. 1962). Moreover, a voluntary dismissal with prejudice erodes the basis for an award of fees under Rule 41(a)(2). See Aerotech, Inc. v. Estes, et al., 110 F.3d 1523, 1527 (10th Cir. 1997) (Rule 41(a)(2) dismissal with prejudice eliminates risk to defendant that plaintiff will refile the suit and "impose duplicative expenses upon him").

I find no "exceptional" circumstances in this case which would justify an award of fees or

---

[5] Parties who have obtained a voluntary dismissal with prejudice are considered prevailing parties in patent infringement actions if there is a determination that the action was brought in bad faith under § 285. See, e.g., Encomp, Inc. v. L-Com, Inc., 999 F.Supp. 264, 266, n.1 (D.Conn. 1998) (citing Bioxy, Inc. v. Birko Corp., 935 F.Supp. 737, 744 (E.D.N.C.1996) (patentee's voluntary dismissal with prejudice of its infringement claim did not warrant award of costs to alleged infringers, as prevailing parties, where action was filed in good faith, both sides were prepared to submit substantial scientific evidence, and claims were dismissed at early stage of litigation); Gilbreth Intern. Corp. v. Lionel Leisure, Inc., 587 F.Supp. 605, 614-15 (1983); cf. McGill v. Secretary of Health and Human Services, 712 F.2d 28, 30-31 (2d Cir.1983) ("Congress intended that 'the interpretation of the term [prevailing party] * * * be consistent with the law that has developed under existing [fee-shifting] statutes', and that a party need not necessarily litigate a case to final judgment to be 'prevailing' within the meaning of the act: ... A party may be deemed prevailing if he obtains a favorable settlement of his case, ..., if the plaintiff has sought a voluntary dismissal of a groundless complaint... " (internal citations omitted))).

costs to either party. Rather, each party can fairly be said to have engaged in conduct which kept the litigation process in this case alive and well. Clean Funnel expects to cleanly back out of the litigation it started after the discovery of prior art references and an imminent patent reexamination threatened the validity of the '720 patent. Yet Plaintiff points to its expert's report to argue that its own lawsuit cannot be considered frivolous. In fact, Plaintiff continues to adhere to the contention that Defendant not only infringed on the '720 patent but that the counterclaim for invalidity is frivolous.[6] See Reply at 7.

In its response to the motion to dismiss, Flotool does not argue that this case entailed significant or unusual expenditures. From the Court's view of the docket, the case has not been rife with contentious discovery or pre-trial motions. I also take note of the eight prior art references which came to light during discovery. Plaintiff served the discovery requests on Defendant in April 1999, but Defendant did not produce the information regarding the references until late August 1999, when it did so simultaneously with the submission of its Request for Reexamination to the USPTO.[7] It is not altogether clear when Flotool first came into possession of these documents. However, a more thorough investigation by Plaintiff prior to the filing of this action might have unearthed these prior references and might have saved both parties the effort and expense of a

---

[6] A finding on reexamination that the '720 patent was invalid would have repercussions on Plaintiff's defense to the counterclaim. See 35 U.S.C. § 282 (an alleged infringer who can show that the patent asserted against him or her is invalid cannot be liable for infringement).

[7] Clean Funnel asked Flotool to explain and identify documents upon which Flotool based its contention that the '720 patent was invalid. See Mot. to Dismiss, at 1. Before the Request for Reexamination was submitted, Plaintiff was aware of only one prior art reference submitted by Defendant, which was produced in mid-August.

lawsuit. Cmp., e.g., Huey, 224 U.S.P.Q. at 1073-74 (noting that a "diligent investigation at the outset" would have saved parties effort and expense, while acknowledging that there was "no evidence [that plaintiff] sued on a patent it knew was invalid").

In sum, this action, including Defendant's counterclaim, will be dismissed, with each party bearing its own fees and cost.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Case **[docket # 39]** is GRANTED IN PART in that Plaintiff's claims against Defendant are dismissed with prejudice in their entirety;

**IT IS FURTHER ORDERED** that Defendant's counterclaim is held to be moot and dismissed without prejudice in its entirety;

**IT IS FINALLY ORDERED** that each party's request for attorney's fees is DENIED; each party shall bear its own attorney's fees and costs.

_____
UNITED STATES MAGISTRATE JUDGE